OPINION
Defendant-appellant, Timothy Jones, appeals the decision of the Franklin County Court of Common Pleas to impose a maximum sentence of imprisonment upon his conviction of failing to comply with the order or signal of a police officer in violation of R.C. 2921.331.
The offense leading to the charge of failure to comply was alleged to have occurred on April 12, 1998. Appellant was charged with fleeing from the police in a high-speed car chase. Appellant pleaded no contest to the charge. The trial court entered a judgment of conviction and sentenced appellant to eighteen-months imprisonment, which is the maximum authorized sentence for appellant's offense.
Appellant appeals, raising two assignments of error:
 FIRST ASSIGNMENT OF ERROR THE COMMON PLEAS COURT ERRED IN IMPOSING A SENTENCE OF IMPRISONMENT WHEN THE COURT DID NOT FIND AND THE RECORD DOES NOT ESTABLISH ANY OF THE FACTORS SET FORTH IN R.C. 2929.13(B).
 SECOND ASSIGNMENT OF ERROR THE COMMON PLEAS COURT ERRED BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE OF IMPRISONMENT IN VIOLATION OF R.C. 2929.14(C).
In his first assignment of error, appellant claims that the record does not support any of the factors in R.C. 2929.13(B) to allow the trial court to impose a prison sentence rather than community control. We disagree.
A sentence is invalid if the record does not support all of the trial court's findings. R.C. 2953.08(G)(1)(a). R.C.2929.13(B) governs a trial court's sentencing of an offender who commits a fourth or fifth degree felony. R.C. 2929.13(B) does not create a presumption that an offender who commits a fourth or fifth degree felony be sentenced to community control. State v.Sutherland (Aug. 15, 1997), Greene App. No. 97 CR 25, unreported. Rather, the statute gives general guidance and a disposition against imprisonment for offenders who commit a fourth or fifth degree felony. Sutherland, citing Griffin Katz, Ohio Felony Sentencing Law, 1996-97, pp. 61-62, 67. A trial court must make particular determinations in R.C. 2929.13(B)(2)(a) before imposing a prison sentence, rather than community control, on an offender who commits a fourth or fifth degree felony. State v. Fincher
(Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported (1997 Opinions 4287, 4290). In this case, appellant was convicted of a fourth degree felony.
A trial court has authority to impose a prison sentence on an offender who commits a fourth or fifth degree felony when it makes a finding that any of the factors listed in R.C. 2929.13(B) (1) exist, where it finds that a prison sentence is consistent with the purposes of sentencing, and where it concludes that the offender is not amenable to community control. R.C. 2929.13
(B)(2)(a); State v. Hinrichsen (Oct. 10, 1997), Greene App. No. 97 CA 24, unreported.
Pertinent to this case is R.C. 2929.13(B)(1)(h), which refers to whether the offender committed an offense while subject to a community control sanction. Arguably, it appears from the record that the trial court used appellant's driving privilege suspension to make a finding under R.C. 2929.13(B)(1)(h) that appellant committed the offense in this case while under a community control sanction. Appellant claims that his driving privileges had been suspended as part of a prior sentence for a misdemeanor offense. We acknowledge that a sentence not involving imprisonment for a misdemeanor offense is not a community control sanction under the sentencing statutes. State v. Azbell (July 27, 1998), Fairfield App. No. 98CA14, unreported. Therefore, in this case, the trial court was unable to use appellant's driving privilege suspension to make a finding under R.C. 2929.13(B)(1)(h) to conclude that he committed the offense in this case while under a community control sanction.
Despite the arguably improper finding under R.C.2929.13(B)(1), the trial court is not precluded from imposing a prison sentence in this case. Fincher, at 4294 (concluding that the trial court was not precluded from imposing a prison sentence under R.C. 2929.13[B] even though it made an improper finding under R.C. 2929.13[B][1]). If a trial court does not make a finding under R.C. 2929.13(B)(1), it continues to have authority to impose a prison sentence if it considers the seriousness and recidivism factors contained in R.C. 2929.12, and concludes that a prison sentence, rather than community control, is consistent with the purposes of felony sentencing. Fincher, at 4292. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11.
The trial court is not required to explain its findings when deciding whether or not to impose a prison sentence or community control upon an offender who commits a fourth or fifth degree felony. See State v. Edmonson (1999), 86 Ohio St.3d 324,326 (indicating that a trial court is not required to include reasons for its findings unless the sentencing guideline related to the felony or sentence under review so requires). However, the record must indicate that the trial court made all requisite findings when determining whether to impose a prison sentence or community control upon an offender who commits a fourth or fifth degree felony. Id. (indicating that a record must reflect that the trial court considered all requisite factors before sentencing an offender).
The record shows that the trial court concluded that appellant was likely to commit future crimes. As noted below, the record supports this finding. The trial court further found that the only way to keep appellant from committing future crimes would be to impose a prison sentence on him. Such an indication satisfies the requirement that the trial court conclude that a prison sentence, rather than community control, would protect the public from future crimes by the offender before imposing such a sentence under R.C. 2929.13(B).
Furthermore, the trial court found that appellant committed the worst form of the offense. As noted below, the record supports this finding. The trial court went on to find that, because of appellant's behavior, a prison sentence, rather than community control, would punish him.
In making the above findings, the record shows that the trial court considered the recidivism and seriousness factors in R.C. 2929.12 as required by R.C. 2929.13(B). Thus, we conclude that the trial court found and the record establishes that imposing a prison sentence, rather than community control, would be consistent with the purposes of the sentencing statutes. As such, we conclude that the trial court properly imposed a prison sentence on appellant and overrule his first assignment of error.
In appellant's second assignment of error, he asserts that the trial court erred by imposing the maximum allowable prison sentence. We disagree.
If the trial court decides to impose a prison sentence on an offender of a felony who has not previously served a prison term, the trial court is required to impose the shortest authorized prison term unless the trial court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B).
The trial court is not required to explain its findings when deciding whether or not to impose the shortest authorized prison term. Edmonson, at 326. However, as indicated above, in keeping with the dictates of Edmonson, the record must indicate that the trial court made all the requisite findings when determining whether or not to impose the shortest authorized prison sentence on a felony offender who has not previously served a prison term. Id.
In this case, the trial court indicated:
 * * * [T]he message that needs to be sent to you * * * is this: If you behave this way, I don't understand why any judge in the future wouldn't do the same thing I am doing, and that is locking you up for the maximum amount of time I am capable of locking you up for.
We conclude that such an indication satisfies the requirement that appellant should not receive the shortest authorized sentence so as not to demean the seriousness of appellant's conduct. See Fincher, at 4297 (noting that a trial court is not required to invoke the talismanic words of the sentencing statute). Therefore, we conclude that the trial court made the requisite findings under R.C. 2929.14(B) when deciding not to impose the shortest authorized sentence on appellant.
A trial court has discretion to impose the maximum authorized sentence on an offender if it finds that the offender committed the worst form of the offense or where the offender poses the greatest likelihood of committing future crimes. R.C.2929.14(C). However, when a trial court imposes a maximum sentence on an offender for a single offense, the trial court must set forth its reasons for selecting the maximum prison term. R.C.2929.19(B)(2)(d); Edmonson, at 328.
As an aid to appellate review, the better practice would be for the trial court to set forth its reasons for imposing the maximum prison term in the judgment entry. State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported (1999 Opinions 1194, 1196). At a minimum, the record must reflect the trial court's explanation for finding that the offender committed the worst form of the offense or that the offender poses the greatest likelihood of committing future crimes. Edmonson, at 329.
In this case, as noted above, the trial court found that appellant committed the worst form of the offense. The trial court acknowledged that appellant was fleeing from the police in a high-speed car chase, which included a chase through a residential neighborhood. The trial court further noted that appellant was driving even though he had no driving privileges. Additionally, the trial court indicated that appellant's conduct caused $5,000 in damages after he crashed into a home.
In concluding that appellant committed the worst form of the offense, we find that the trial court did consider mitigating factors. For example, the trial court noted that appellant did not cause any physical injuries. Nonetheless, the record shows that the trial court concluded that the mitigating factors in this case do not preclude a finding that appellant committed the worst form of the offense. As noted above, in finding that the trial court committed the worst form of the offense, the trial court considered the seriousness factors in R.C. 2929.12(B) and (C), and other such relevant factors. Thus, we conclude that the record supports the trial court's finding that appellant committed the worst form of the offense in this case. We further conclude that the trial court properly explained its findings.
As well, in support of its decision to impose the maximum sentence on appellant, the trial court found that appellant posed the greatest likelihood of committing future crimes. The trial court indicated that appellant had an extensive criminal record, which included approximately twelve convictions of operating a motor vehicle while under the influence. According to the trial court, despite these previous convictions and sanctions, appellant has not changed his behavior. Specifically, the trial court noted that, by driving a car while fleeing from the police, appellant failed to comply with a sentence he was currently under from a previous conviction that revoked his driving privileges for twenty-five years. Indeed, appellant's trial counsel told the trial court during the sentencing hearing that appellant recently "had to serve a period of incarceration in Delaware for the relapse that occurred up there." Additionally, the trial court recognized that appellant showed no remorse for his actions in this case. As noted above, in finding that appellant poses the greatest likelihood of committing future crimes, the trial court considered the recidivism factors in R.C. 2929.12(D) and (E), and other such relevant factors. Thus, we conclude that the record supports the trial court's finding that appellant poses the greatest likelihood of committing future crimes. We further conclude that the trial court properly explained its findings.
Appellant asserts that the trial court could not use the above facts to find that appellant committed the worst form of the offense because, by definition, he could not be found guilty of the offense unless he, in fact, fled from the police. Appellant further asserts that the offense would not have been a felony if he had not caused serious damage to property. We have already rejected this reasoning in Hess. For example, in Hess, we concluded that the trial court was not precluded from considering the extent and magnitude of bodily trauma and injuries leading to the victim's death when considering the seriousness of the conduct of an offender who was charged with involuntary manslaughter based on the underlying offense of endangering children. Hess, at 1198. Similarly, in this case, the trial court was not precluded from considering the conduct that appellant engaged in when fleeing from the police, as well as the magnitude and extent of the property damage caused by appellant when considering the seriousness of the offense.
Accordingly, we conclude that the trial court made the proper findings under R.C. 2929.14(B) and (C) to impose the maximum authorized sentence on appellant. Additionally, we conclude that the trial court properly explained its findings as required by R.C. 2929.19(B)(2)(d). As such, we overrule appellant's second assignment of error.
In summary, appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN, J., and LAZARUS, P.J., concur.